■ LEWIS MOSHER et al., Respondents, v. WINIFRED LA ROSE, Appellant. (Action No. 1.) LEWIS MOSHER, Respondent, v. WINIFRED LA ROSE, Appellant. (Action No. 2.) — Appeals from judgments of the Supreme Court in favor of plaintiffs, entered October 15, 1971 in Warren County, upon a decision of the court at a Trial Term without a jury. Plaintiffs commenced these two actions under article 15 of the Real Property Actions and Proceedings Law to compel the determination of claims to two parcels of real property. An interest in the first parcel, owned by Lewis Mosher and Fannie Mosher, was sold on November 10, 1966 to defendant at a tax sale. An interest in the second parcel, owned by Lewis Mosher, was also sold to defendant at this tax sale. A second interest in the second parcel was sold at a tax sale to defendant on November 9, 1967.* The County Treasurer thereafter executed and delivered to defendant tax deeds conveying the interests purchased, and said deeds were recorded. On October 2, 1969 plaintiff Lewis Mosher made an ex parte application to the County Treasurer to redeem the lands from the various sales. The redemption was allowed and on November 3, 1969 plaintiffs caused the lands to be redeemed by paying the amounts required. The County Treasurer thereafter tendered defendant the moneys due her, which she refused claiming the redemption period had expired before redemption was effected. The Real Property Tax Law (§ 1010) provides that property sold for taxes may be redeemed within one year from the last day of sale. However, it also provides (§ 1022) that if "at the time of the expiration of one year given for the redemption" of the real property, the parcel is in the "actual occupancy of any person, the occupant or any other person may * * * redeem the real property so occupied" within 36 months.** It is therefore apparent that, since the redemption was not made within the one-year period, the crucial issue is whether the parcels in question were actually occupied one year from the dates of sale. Thus, if parcel one was so occupied on November 9, 1967 and parcel two was so occupied on November 9, 1967 and November 8, 1968, the 36-month redemption provision would control for each of the redemptions. The trial court found that plaintiff Lewis Mosher was in actual occupancy of the agricultural properties at the expiration of the one-year periods and that

* A second interest in the first parcel also appears to have been purchased by defendant at a tax sale. This purchase, however, being on November 8, 1968, causes the redemption thereof to be within one year (see discussion, supra). Redemption was therefore proper and no claim resulting from this sale appears to be made by defendants.

** A provision of the section reducing this period is not applicable since the required written notice by the purchaser was concededly not served.

the three-year redemption period was applicable. It therefore concluded that redemption was properly attained. Defendant contends, however, that error was committed at the trial. Defendant's first witness was a neighbor who resided on his property since the fall of 1967. He was asked: "During the period you have lived there, have you seen any agricultural activities take place on this land?" The question was objected to by plaintiff's attorney and the objection was sustained. No further questions were asked of the witness. Although much confusion appears in the record as to what dates both attorneys considered to be the crucial dates on which actual occupancy was necessary, the failure of the court to permit defendant to present evidence of a lack of occupancy subsequent to the fall of 1967 when the crucial dates were in November, 1967 and November, 1968 was clearly erroneous. A new trial is therefore mandated. Judgments reversed, on the law and the facts, and a new trial ordered, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.